UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| WALLACE JAMES BEAULIEU, | Civil No. 14-1057 (DWF/JSM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE OF MINNESOTA, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on the application of Wallace James Beaulieu for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Docket No. 1.)  The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

I.      BACKGROUND

> "In July 1990, Beaulieu was charged with two counts of attempted first-degree murder, two counts of first-degree criminal sexual conduct, two counts of kidnapping, and theft of a motor vehicle in connection with the brutal assault of M.H. Pursuant to a plea agreement with the state, Beaulieu submitted an Alford[2] plea to the charges of third-degree criminal sexual conduct, third-degree assault, and kidnapping."

Beaulieu v. State, No. A12-0289 (Minn.App. 2012), 2012 WL 5896784 at *1 (unpublished

---

[1]   Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

[2]   See North Carolina v. Alford, 400 U.S. 25 (1970).

opinion), rev. denied, Feb. 19, 2013.

After Beaulieu was convicted, a prison sentence was imposed, but the sentence was stayed, and Beaulieu was put on probation. Id.

> "In 1992, Beaulieu violated the terms of his probation when he was convicted of a misdemeanor and charged with new felony offenses. The commissioner of corrections sought to have the stay of imposition vacated on the basis of these violations. In response, Beaulieu asked the district court to impose and execute a sentence and to order that it run concurrently with a sentence that he was already serving in an unrelated matter. Beaulieu also notified the district court that his attorney could appear on his behalf and submit his written request in lieu of his personal appearance in the matter. Accordingly, in February 1993, the district court vacated the stay and imposed and executed a sentence of 12 months and a day for the conviction of third-degree assault and two 48–month sentences for the convictions of third-degree criminal sexual conduct and kidnapping. The district court also granted Beaulieu's request that these sentences be served concurrently with the sentence that he was already serving."

Id. It is therefore evident that Beaulieu must have fully served his prison sentence for his 1990 criminal convictions by no later than February 1997 – 48 months after the stay was lifted and the sentence was executed in February 1993.

"In 2006, Beaulieu was civilly committed as a sexually dangerous person and a sexual psychopathic personality." Id. at *2. As a result of that civil commitment, Beaulieu is currently confined at the Minnesota Sex Offender Program, ("MSOP"), in Moose Lake, Minnesota.

> "In September 2011 – 21 years after conviction – Beaulieu filed a pro se motion for postconviction relief, seeking to withdraw his 1990 guilty plea on the grounds that (1) his counsel was ineffective; (2) his plea is invalid; (3) his sentence is invalid; (4) DNA evidence exonerates him; and (5) the holding in Padilla v. Kentucky, 559 U.S. 356... (2010), retroactively applies to his case.... The postconviction court denied relief without an evidentiary hearing, concluding that each of Beaulieu's claims is without merit."

Id.  The trial court's ruling on Beaulieu's post-conviction motion was affirmed by the Minnesota Court of Appeals on November 26, 2012, and the Minnesota Supreme Court denied Beaulieu's application for further review on February 19, 2013.  Id. at *1.

On April 14, 2014, Beaulieu filed his current petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He is challenging his 1990 state court criminal conviction on several grounds.  However, none of the claims raised in the current petition can be addressed on the merits, because Beaulieu is no longer in custody pursuant to the sentence imposed in his 1990 criminal case.

## II.    DISCUSSION

Federal law requires that a "habeas petitioner be 'in custody' <u>under the conviction or sentence under attack</u> at the time his petition is filed."  <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989) (<u>per</u> <u>curiam</u>), citing 28 U.S.C. § 2254(a) (emphasis added).  The "in custody" requirement is a <u>jurisdictional</u> requirement.  <u>Id</u>. at 490.  If a habeas petitioner is not "in custody" for the conviction and sentence he is challenging as of the date his petition is filed, then the petition must be summarily dismissed for lack of jurisdiction.  <u>See</u> <u>Charlton v. Morris</u>, 53 F.3d 929, 929 (8th Cir.) (<u>per</u> <u>curiam</u>) ("District Court was without jurisdiction to address the merits of... section 2254 petition because [the petitioner]... was no longer 'in custody' for his state conviction"), <u>cert</u>. <u>denied</u>, 516 U.S. 926 (1995).

In this case, Beaulieu is no longer serving the sentence imposed in his 1990 state court criminal case, and he is no longer "in custody" pursuant to that sentence.  Indeed, it clearly appears that Beaulieu must have completed his 48-month sentence in that case more than fifteen years ago.  Thus, the Court finds that when Beaulieu commenced this action he was no longer "in custody" pursuant to the sentence imposed in his 1990 criminal case.  <u>See</u> <u>Maleng</u>, 490 U.S. at 491 ("[w]e have never held... that a habeas petitioner may

be 'in custody' under a conviction when the sentence imposed for that conviction has <u>fully</u> <u>expired</u> at the time his petition is filed") (emphasis in the original).

Beaulieu contends that he can satisfy the "in custody" requirement, because he continues to endure "collateral consequences" from his 1990 conviction.  He alleges that his 1990 conviction has caused him to receive sentence enhancements in other criminal cases.  He also alleges that his current civil commitment is based, in part, on his 1990 conviction, and thus his civil commitment is one of the "collateral consequences" that supposedly satisfies the "in custody" requirement.  (Petition, pp. 6-7.)

The Court recognizes that there might indeed still be ongoing "collateral consequences" from Petitioner's 1990 conviction, even though the sentence imposed in the case has been fully served.  Most notably, Beaulieu's 1990 conviction might have been used against him in the civil commitment proceedings that led to his current confinement at MSOP.  It is well settled, however, that collateral consequences of a conviction do not satisfy the statutory "in custody" requirement of the federal habeas corpus statute.

The Supreme Court clearly stated in <u>Maleng</u> that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."  490 U.S. at 492.  Therefore, even though Beaulieu might still be experiencing adverse consequences from his 1990 conviction – including, perhaps, his current civil commitment –  those collateral consequences do not cause him to currently be "in custody" for his 1990 conviction for purposes of § 2254(a).[3]

--------

[3]  In <u>Maleng</u>, the Court observed that –

"In this case, the Court of Appeals held that a habeas petitioner may be 'in custody' under a conviction whose sentence has fully expired at the time his

The collateral consequences of a conviction, (<u>i.e.</u>, consequences that survive a habeas petitioner's release from custody), can prevent a habeas case from becoming moot if a petitioner is released from custody while his petition is pending.  <u>Carafas v. LaVallee</u>, 391 U.S. 234, 238 (1968).  However, to satisfy the jurisdictional "in custody" requirement, the petitioner must be "in custody" for the conviction he is challenging when he files his petition.  <u>Maleng</u>, <u>supra</u>.  If the petitioner is not "in custody" when he files his petition, any still-remaining collateral consequences of his conviction alone will <u>not</u> satisfy the jurisdictional "in custody" requirement.  <u>See</u> <u>Williamson v. Gregoire</u>, 151 F.3d 1180, 1183 (9th Cir. 1998) ("even as the Supreme Court has expanded the reach of the 'in custody' requirement, it has consistently recognized a clear limitation: '[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it'") (quoting <u>Maleng</u>, 490 U.S. at 492), <u>cert</u>. <u>denied</u>, 525 U.S. 1081 (1999).[4]

Again, when Beaulieu commenced this action, he was not "in custody" pursuant to the sentence that resulted from the 1990 criminal conviction that he is attempting to challenge in this case.[5]  Because Beaulieu cannot satisfy the "in custody" requirement, his

---

> petition is filed, simply because that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction.  We think that this interpretation stretches the language 'in custody' too far."

490 U.S. at 491.

[4] This was explained to Beaulieu in this Court's Report and Recommendation dated September 27, 2010, in <u>Beaulieu v. State of Minnesota</u>, Civil No. 10-3940 (DWF/JSM) (Docket No. 3).

[5] The Court is mindful of Petitioner's recent civil rights lawsuit pertaining to his 1990 state court conviction – <u>Beaulieu v. Preece</u>, Civil No. 14-552 (DWF/JSM).  In that case, the Court found that Petitioner could not challenge his 1990 conviction (either directly or indirectly) in a civil rights action brought under 42 U.S.C. § 1983, because habeas corpus

1990 state criminal conviction is not reviewable in a federal habeas corpus action, and this case must be summarily dismissed for lack of jurisdiction.  Love v. Tippy, 128 F.3d 1258, 1258 (8th Cir. 1997) (per curiam); Charlton, 53 F.3d at 929.[6]

Finally, the Court notes that Beaulieu has applied for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a).  (Docket No. 2.)  Having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will recommend that Beaulieu's IFP application be summarily denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

---

is the exclusive remedy available to a state detainee who seeks to challenge in federal court the legality of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  It does not follow, however, that federal habeas review is always available to a state detainee.  Congress has limited the availability of federal habeas review in many ways, e.g., by restricting the use of "second or successive" petitions, (28 U.S.C. § 2244(b)), by imposing a one-year statute of limitations, (see n. 6, infra), and by imposing the "in custody" requirement that bars Petitioner's current petition.

[6]   Because the Court lacks jurisdiction in this matter, based on the "in custody" requirement, the timeliness of the present petition will not be addressed here.  It should be noted, however, that even if Beaulieu could somehow satisfy the "in custody" requirement, he would still have to circumvent the one-year statute of limitations, (see 28 U.S.C. § 2244(d)), before his current petition could be reviewed on the merits.  The Court notes that even if the statute of limitations did not begin to run until the Minnesota Supreme Court denied Beaulieu's petition for further review of his state post-conviction proceedings, (which is an overly generous assumption), the present petition still would be time-barred, because the Minnesota Supreme Court ruled on the post-conviction motion on February 13, 2013, and Beaulieu did not file his current habeas petition until more than a year later, on April 11, 2014.  (The statute of limitations is not tolled during the period of time when a prisoner could seek certiorari review of post-conviction proceedings in the United States Supreme Court.  Lawrence v. Florida, 549 U.S. 327, 337 (2007); Snow v. Ault, 238 F.3d 1033, 1035-36 (8th Cir.), cert. denied, 532 U.S. 998 (2001).)

### III.    CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would adjudicate Beaulieu's current petition any differently than it has been adjudicated here. Beaulieu has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Beaulieu should not be granted a COA in this matter.

### IV.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.      The petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2.      The petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

3.      This action be **DISMISSED FOR LACK OF JURISDICTION**; and

4.      The petitioner should **NOT** be granted a Certificate of Appealability.


Dated:        April 29, 2014


s/ Janie S. Mayeron
JANIE S. MAYERON
United States Magistrate Judge



Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 13, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.